# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

JAMIE CHRISTOPHER ARNETT,

        Defendant-Appellant.

UNPUBLISHED
May 10, 2016

No. 320095
Tuscola Circuit Court
LC No. 13-012824-FC

ON REMAND

Before: HOEKSTRA, P.J., and MARKEY and SAAD, JJ.

PER CURIAM.

Our Supreme Court, in lieu of granting leave to appeal, vacated the part of our prior judgment in this case "addressing the defendant's witness-vouching and associated ineffective-assistance arguments" and remanded with instructions that this Court "further consider those arguments under the principles set forth in *People v Douglas*, 496 Mich 557[; 852 NW2d 587] (2014)." *People v Arnett*, 498 Mich 954; 872 NW2d 496 (2015). On further consideration of defendant's witness-vouching and associated ineffective-assistance of counsel arguments in light of *Douglas*, we again conclude that defendant has failed to demonstrate that he was denied the effective assistance of counsel. We therefore again affirm his convictions and sentences.

In *People v Arnett*, unpublished opinion per curiam of the Court of Appeals, issued April 28, 2015 (Docket No. 320095), this Court affirmed defendant's convictions and sentences.[1] Regarding the lay witnesses' testimony, this Court held that defense counsel's failure to object was presumptively strategic and, even if counsel's representation were deficient, it did not prejudice defendant. *Id.* at 2-3. Regarding the forensic interviewer's testimony, this Court held that because the jury could have assigned greater weight to an expert's opinion regarding the complainant's veracity, there was no apparent sound trial strategy for failing to object. *Id.* at 3. But this Court concluded that that defendant failed to establish the prejudice prong for an ineffective assistance of counsel claim, stating:

---

[1] Judge Saad has substituted for original panel member, Judge Donofrio, who has retired.

-1-

Even though complainant's credibility was central to prosecution of the case, we conclude that no reasonable probability exists that without this vouching testimony the outcome of the case would have been different. Complainant's recounting of the abuse remained consistent throughout her reports and defendant presented no testimony or evidence that contradicted it. Additionally, there was no testimony regarding a motive for complainant to fabricate her testimony, and there was some physical evidence corroborating her claims. [*Id*.]

Although this Court's majority opinion did not specifically address *Douglas* in its analysis of the vouching claims, in a concurring opinion, Judge Hoekstra wrote separately regarding this issue and *Douglas*. Judge Hoekstra agreed with the majority that the failure to object to the lay witnesses' statements could have been strategic, but that the failure to object to the forensic interviewer's statement was not. *Arnett*, unpub op at 2 (HOEKSTRA, J., concurring). But in analyzing the prejudice resulting from this deficiency, Judge Hoekstra specifically contrasted the case of *Douglas*, which " 'hinged wholly on the credibility of' " the victim's allegations, with this case, in which the prosecutor presented more than just the victim's allegations. *Id*., quoting *Douglas*, 496 Mich at 586. Judge Hoekstra concluded that unlike *Douglas*, the present case was not a "pure credibility contest," see *Douglas*, 496 Mich at 580-582, and it was not reasonably probable that while the vouching testimony was improper, it affected the outcome of the trial. *Arnett*, unpub op at 2-3 (HOEKSTRA, J., concurring).

To establish a claim of ineffective assistance of counsel, a defendant must show (1) that counsel's performance was deficient and (2) that counsel's deficient performance prejudiced the defense. *People v LeBlanc*, 465 Mich 575, 578; 640 NW2d 246 (2002). Counsel's performance will be deemed to have prejudiced the defense if it is reasonably probable that but for counsel's error, the result would have been different and the result that did occur was fundamentally unfair or unreliable. *People v Odom*, 276 Mich App 407, 415; 740 NW2d 557 (2007). The effective assistance of counsel is presumed, and the defendant bears the heavy burden of proving otherwise. *LeBlanc*, 465 Mich at 578.

In this Court's prior opinion, both the majority and Judge Hoekstra concurring, explained in this case that because it is the province of the jury to determine the truthfulness of a witness, " 'it is improper for a witness or an expert to comment or provide an opinion on the credibility of another person while testifying at trial.' " *Arnett*, unpub op at 1 (HOEKSTRA, J., concurring), quoting *People v Musser*, 494 Mich 337, 349; 835 NW2d 319 (2013); See also *Arnett*, unpub op at 2, citing *People v Dobek*, 274 Mich App 58, 71; 732 NW2d 546 (2007). "Such comments have no probative value . . . because 'they do nothing to assist the jury in assessing witness credibility in its fact-finding mission and in determining the ultimate issue of guilt or innocence.' " *Musser*, 494 Mich at 349 (citations omitted). As explained by Judge Hoekstra:

Vouching testimony from an expert in cases involving criminal sexual conduct has been recognized as particularly troublesome. See *People v Peterson*, 450 Mich 349, 352; 537 NW2d 857 (1995), amended 450 Mich 1212 (1995) ("[A]n expert may not vouch for the veracity of a victim.").

The use of expert testimony in the prosecution of criminal sexual conduct cases is not an ordinary situation. Given the nature of the

offense and the terrible consequences of a miscalculation—the consequences when an individual, on many occasions a family member, is falsely accused of one of society's most heinous offenses, or, conversely, when one who commits such a crime would go unpunished and a possible reoccurrence of the act would go unprevented—appropriate safeguards are necessary. *To a jury recognizing the awesome dilemma of whom to believe, an expert will often represent the only seemingly objective source, offering it a much sought-after hook on which to hang its hat.* [*Arnett*, unpub op at 1-2 (HOEKSTRA, J., concurring), quoting *Peterson*, 450 Mich at 374 (emphasis in *Peterson*).]

In *Douglas*, there was "no physical evidence of or third-party witnesses to the alleged abuse," so "the prosecution built its case around the credibility of [the complainant]'s in-court and out-of-court statements, and the unreliability of the defendant's denials." *Douglas*, 496 Mich at 567. The defendant challenged his attorney's failure to object to vouching by three witnesses. First, a forensic interviewer testified that she did not believe the victim had been coached and that she "was being truthful" during the interview. Second, a CPS worker testified that she would not seek a petition for child protective proceedings, as she did in this case, if she thought a child was lying. She also testified that she found the victim's allegations had been substantiated, and there was no indication that the victim had been coached or was being untruthful. Third, a police officer testified that the victim's mother told him, "I know my daughter don't lie; why is she making these allegations then." *Id.* at 568-570, 584.

In deciding whether defense counsel's performance fell below an objective standard of

reasonableness, the Court relied on his testimony at a *Ginther* hearing[2] that his trial strategy was to demonstrate that the victim was not believable, that her testimony had been tainted by her mother, and that she had told different stories to different people throughout the investigative process. *Id.* at 586. The defense counsel also testified that, consistent with this strategy, he would have objected to any opinions offered that the victim was being truthful. *Id.* The Court concluded that the failure to object to the interviewer's and CPS worker's testimony that the victim was telling the truth, as well as the police officer's recounting of the mother's similar statement, "directly contravened" counsel's strategy. *Id.* Further, defense counsel offered "no strategic reason to permit this inadmissible testimony to pass without objection," and the Court agreed there was none. *Id.*

Next, the *Douglas* Court concluded that but for defense counsel's failure to object to the inadmissible vouching, a reasonable probability existed that the outcome of the trial would have been different. *Douglas*, 496 Mich at 586. The Court explained:

[T]he prosecution's case hinged wholly on the credibility of [the complainant]'s allegations, making defense counsel's success in undermining that credibility all

---

[2] See *People v Ginther*, 390 Mich 436, 443; 212 NW2d 922 (1973).

the more critical. Rather than pursuing this strategy vigilantly, defense counsel permitted [the forensic interviewer, CPS worker, and police officer]—three figures of apparent authority and impartiality, with direct involvement in and knowledge of the investigation leading to the defendant's prosecution—to present testimony improperly reaching the key factual issue before the jury: whether [the complainant] was telling the truth. [The forensic interviewer's and the CPS worker's] commentary was especially prejudicial in this regard—the former offering the jury an expert opinion regarding [the complainant]'s credibility in the instant case, and the latter offering the jury her, and CPS's, professional assessment of the veracity and substantiation of [the complainant]'s complaints. We cannot overlook the influence such testimony may have in a case such as this. . . . Given the centrality of [the complainant]'s credibility to the prosecution's case, the lack of evidence beyond her allegations, and the nature of the testimony offered by [the forensic interviewer, CPS worker, and police officer], we believe it reasonably probable that, but for this testimony, the outcome of the defendant's trial may have been different. [*Id.* at 586-588 (citations omitted).]

On further consideration of defendant's witness-vouching and associated ineffective-assistance of counsel arguments in light of *Douglas*, we again conclude that defense counsel's failure to object to the mother's and paternal grandmother's lay testimony that the complainant was telling the truth did not fall below an objective standard of reasonableness. Absent any contrary evidence in the record regarding defense counsel's trial strategy, the decision not to object may have been a strategic choice to avoid drawing attention to, highlighting, or appearing to fear testimony that the complainant's family members believed her. See *People v Unger*, 278 Mich App 210, 253; 749 NW2d 272 (2008). On this point, the record in this case is distinguishable from that of *Douglas*, in which defense counsel testified at a *Ginther* hearing that his strategy was to undermine the victim's credibility, which directly contravened his failure to object. *Douglas*, 496 Mich at 586. In contrast, there was no *Ginther* hearing in this case to pinpoint defense counsel's strategy, and counsel's decisions regarding whether to object must therefore be presumed strategic. *Leblanc*, 465 Mich at 578. In addition, the prosecution in *Douglas* offered a mother's opinion about the truthfulness of a victim through the testimony of a police officer—a figure of "apparent authority and impartiality," *Douglas*, 496 Mich at 586—whereas, in this case, the lay witnesses themselves testified and defense counsel was free to attack their credibility through cross-examination and argument.

But an expert may not testify whether a specific victim's allegations are truthful, *Musser*, 494 Mich at 349, and in light of the risk that a jury in a criminal sexual conduct case will "hang its hat" on a "seemingly objective" expert, *Peterson*, 450 Mich at 374, we again conclude as in this Court's original opinion and Judge Hoekstra's concurrence, that defense counsel's failure to object to the forensic interviewer's statement about the complainant's truthfulness was deficient.

With respect to prejudice, however, as this Court concluded in the original opinion and Judge Hoekstra highlighted in his concurrence, we again conclude that defense counsel's failure to object to the forensic interviewer's statement about the complainant's truthfulness was not likely to have rendered a different outcome reasonably probable, unlike the deficient performance in *Douglas*. Our Supreme Court in that case repeatedly stated that it hinged entirely on witness credibility, a "pure credibility contest," and there was no physical evidence or third-

-4-

party witnesses to support the complainant's allegations. *Douglas*, 496 Mich at 567, 580-582, 586-588. In contrast, in the present case, physical evidence supported the complainant's allegations of sexual abuse. Specifically, a sexual assault nurse examiner who examined the complainant observed lacerations on the complainant's labia minora, which she explained are not common in a child the complainant's age and that, though not conclusive, the lacerations were consistent with the complainant's report of penetration. In addition, the complainant reported that some of the assaults occurred in the bedroom that defendant shared with her mother and that defendant would lock the door to the bedroom during the assaults. One of the complainant's brothers testified that on numerous occasions the complainant and defendant were in the bedroom with the door locked for about 10 minutes at a time. Police confirmed that the bedroom door had a lock. Because this case did not solely hinge on the complainant's credibility, i.e., additional evidence supported her allegations, on reconsideration, we again conclude it is not reasonably probable that defense counsel's failure to object to the forensic interviewer's vouching testimony affected the outcome of the trial. *Odom*, 276 Mich App at 415. Therefore defendant has failed establish the prejudice prong of his ineffective assistance of counsel claim. *LeBlanc*, 465 Mich at 578. A defendant who asserts a claim of ineffective assistance of counsel must establish both deficient performance and prejudice to establish his or her claim. *People v Bosca*, 310 Mich App 1, 37; 871 NW2d 307 (2015), citing *People v Reed*, 449 Mich 375, 400; 535 NW2d 496 (1995).

We affirm.

/s/ Joel P. Hoekstra
/s/ Jane E. Markey
/s/ Henry William Saad

-5-